FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 28 2018 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | 94-CR-682 |
| – against – | Statement of Reasons Pursuant to |
| HOLGUER ESPINOSA<br>Defendant. | 18 U.S.C. § 3553(c)(2) |

JACK B. WEINSTEIN, Senior United States District Judge:

**Parties**                                    **Appearances**

For United States:

    Megan Elizabeth Farrell
    United States Attorney's Office
    Eastern District of New York
    271 Cadman Plaza East
    Brooklyn, NY 11201
    718-254-6448

For Defendant:

    Jonathan L. Scher
    Scher Law Firm, LLP
    1 Old Country Road
    Carle Place, NY 11514
    (516) 746-5040

**Table of Contents**

I.   Introduction ................................................................................................................. 2
II.  Facts .......................................................................................................................... 2
   A.   Offense ............................................................................................................. 2
   B.   Post-Arrest Conduct ......................................................................................... 3
III. Guilty Plea ................................................................................................................ 3
IV. Sentencing Hearing ................................................................................................... 3
V.  Guidelines Range ...................................................................................................... 3
VI. Law ........................................................................................................................... 4
VII. 18 U.S.C. § 3553(a) Considerations ....................................................................... 4
VIII. Sentence .................................................................................................................. 5
IX. Conclusion ................................................................................................................ 6

## I. Introduction

Holguer Espinosa ("Espinosa or "defendant") pled guilty to selling counterfeit United States currency, in violation of 18 U.S.C. § 472. He operated as an independent retailer of counterfeit currency over twenty years ago.

Espinosa is a forty-nine year old Ecuadorian citizen with no prior criminal conviction. After his indictment in 1994, he absconded to Ecuador. He was picked up in July 2018 by United States Customs and Border Protection ("CBP") in California near the Mexico border. He had entered the country to visit his daughter who lives in Texas.

Defendant, in federal custody after more than two decades as a fugitive, is now being sentenced for his past criminal conduct, not for absconding.

## II. Facts

### A. Offense

Between February to April 1994, defendant engaged in a conspiracy: selling counterfeit United States currency. Presentence Investigation Report ("PSR") ¶¶ 3–14. He acted as a middle-man, purchasing the counterfeits from a distributor and reselling it to others. *Id.* ¶ 20.

Espinosa sold approximately $25,000 in false currency. *Id.* It was ultimately resold to an undercover agent, leading to his arrest in June 1994. *Id.* ¶¶ 12–15.

### B. Post-Arrest Conduct

After his arrest, defendant initially cooperated with the government. *Id.* ¶ 15. He was released on bail in September 1994. *Id.* ¶ 2. Two weeks later, he failed to appear at a status conference. *Id.* Espinosa had fled to his home country of Ecuador. *Id.* ¶ 47. A warrant was issued for his arrest. *Id.* ¶ 2. He remained a fugitive until he was rearrested by CBP officers in California in July 2018. *Id.*

## III. Guilty Plea

On October 1, 2018, Espinosa pled guilty to one count of an eight-count indictment for selling counterfeit United States currency, with the intent to defraud, 18 U.S.C. § 472. *Id.* ¶ 1. Remaining charges in the indictment were dismissed. Sent. Hr'g Tr. 15:5–8, Oct. 31, 2018.

## IV. Sentencing Hearing

A sentencing hearing was conducted in October 2018. On consent, the proceeding was videotaped to record courtroom atmosphere and body language of defendant and his family in court. *See In Re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) ("A judge applies mental impressions of many tangible and intangible factors when imposing a sentence. . . . A *de novo* review would be factually deficient without a video record of the district court's sentencing hearing."). The defendant's brother and niece attended sentencing, supporting him.

## V. Guidelines Range

Defendant's base offense level is 9. PSR ¶ 28. He received a four-point enhancement because he is accountable for selling $25,000 in counterfeit currency. *Id.* ¶ 29. Upon a finding of this court, two points were added because he obstructed justice by failing to appear for a judicial proceeding. *See id.* ¶ 32; Sent. Hr'g Tr. 12:20–25, Oct. 31, 2018. His total offense level

is 15. PSR ¶ 36. Because he has no prior criminal conviction, his criminal history category is I. *Id.* ¶ 39. The Guideline range of imprisonment is 18 to 24 months. *Id.* ¶ 68.

**VI.　Law**

The Sentencing Guidelines are now "advisory." *United States v. Booker*, 543 U.S. 220, 245 (2005). The district court must "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall v. United States*, 552 U.S. 38, 49-50 (2007). The court "must make an individualized assessment based on the factors presented" and state its reasons for the imposition of the particular sentence. *See id.* at 50. These reasons must be stated "in open court as well as in writing – 'with specificity in a statement of reasons.'" *United States v. Aldeen*, 792 F.3d 247, 252 (2d Cir. 2015), as amended (July 22, 2015); *see also* 18 U.S.C. § 3553(c)(2).

**VII.　18 U.S.C. § 3553(a) Considerations**

Defendant, 49, was born and raised in Ecuador in a middle-income household. PSR ¶¶ 44, 46. His father, a former police officer, died in 2016 from a heart attack. *Id.* ¶ 44. His mother resides in Ecuador and collects pension benefits after retiring from a government job. *Id.* She remains supportive. *Id.*

Espinosa has three living siblings, all of whom believe in defendant. *Id.* ¶ 45. His brother, a construction worker, lives in Queens and has two children. *Id.* His sisters, one a married business woman with three children, and the other an attorney with one child, live in Ecuador. *Id.* He had two brothers who died in auto accidents. *Id.*

Defendant has five children who he has financially supported. *Id.* ¶¶ 49–53. In 2017, he learned that he had a daughter from a previous relationship. *Id.* ¶ 49. She is twenty-three and

resides in Texas with her mother. *Id.* Defendant returned to the United States to meet this daughter. *Id.*

Espinosa attended college in Ecuador for one year, leaving to pursue a career as a soccer player in Chile. *Id.* ¶¶ 59, 64. He played soccer professionally from 1986 to 1990. *Id.* ¶ 64. In 1990, he moved to Queens. *Id.* ¶ 47. From 1990 to 1994, defendant worked full time at a Manhattan jewelry store. *Id.* ¶ 64. Upon his return to Ecuador, Espinosa and his brother opened a security company, which they operated together from 1996 until 2016. *Id.* ¶ 63.

At sentencing, counsel for the defendant explained that Espinosa absconded to Ecuador because his life was being threatened in the United States. *See* Sent. Hr'g Tr. 8:7–11:18, Oct. 31, 2018.

Defendant will be deported from the United States. *See United States v. Chin Chong*, No. 13–CR–570, 2014 WL 4773978, at *13 (E.D.N.Y. Sept. 24, 2014) (deportation to be considered in sentencing).

## VIII. Sentence

The defendant is sentenced to a term of time served (four months) and twelve months of supervised release. Sent. Hr'g Tr. 13:22; 14:17–19, Oct. 31, 2018. No fine or restitution is imposed. *Id.* at 14:3–4. A $50 special assessment is ordered. *Id.* at 14:20–15:4.

Considering Espinosa's otherwise clean record, his motivation for fleeing the United States, and the fact that he has supported his family and maintained lawful employment for the past twenty years, further incarceration is unnecessary. *See, e.g., Gall v. United States*, 552 U.S. 38, 52 (2007) (quoting *Koon v. United States*, 518 U.S. 81, 98 (1996)) ("It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes

mitigate, sometimes magnify, the crime and the punishment to ensue."). The sentence imposed is sufficient. The court considered the impact that deportation will have on the defendant and his family. *See United States v. Aguilar*, 133 F. Supp. 3d 468, 481 (E.D.N.Y. 2015).

While on supervised release, he is subject to the mandatory conditions of U.S.S.G. § 5D1.3(a) and standard conditions of U.S.S.G. § 5D1.3(c), and, as appropriate, the special and additional conditions of U.S.S.G. § 5D1.3(d) and U.S.S.G. § 5D1.3(e). *See* Sent. Hr'g Tr. 15:9–13, Oct. 31, 2018. Additional conditions prohibit him from returning to the United States illegally and require him to cooperate with and abide by all instructions of immigration authorities. *See* Sent. Hr'g Tr. 14:17–19, Oct. 31, 2018.

## IX. Conclusion

All relevant elements of the Guidelines and statutes have been considered. This sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date:  November 7, 2018
       Brooklyn, New York